COMMONWEALTH *vs.* DONALD R. BROWN. February 14, 1978. The defendant appeals from the denial, after hearing, of his motion to vacate his plea of guilty to an indictment charging carnal knowledge of a female child, G. L. c. 265, § 23, as appearing in St. 1966, c. 291, and for a trial thereon, on the ground that his plea was not knowingly or voluntarily entered. The defendant argues that a judge, on taking a guilty plea to a violation of G. L. c. 265, § 23, fails to fulfil his constitutional duty to insure that the plea is knowingly and voluntarily made (*Boykin* v. *Alabama,* 395 U.S. 238 [1969]), if he does not inform the defendant that he will be ineligible, under G. L. c. 127, § 129, to receive good time deductions from his sentence. The procedure for accepting a guilty plea was discussed in *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. 614 (1974), where, at 622, we stated that a judge is not required to advise a defendant of the "practical complexities of the parole law." Good time, like parole eligibility and the operation of G. L. c. 123A, is but a "contingent consequence of being confined." *Commonwealth* v. *Morrow,* 363 Mass. 601, 606 (1973).

*Judgment affirmed.*

*Edward Berkin* for the defendant.
*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.