COMMONWEALTH *vs.* ROBERT C. NOLAN. September 29, 1983. *Practice, Criminal,* Plea, Postconviction relief.

Acting pro se, the defendant brought a motion under Mass.R.Crim. P. 30(b), 378 Mass. 900 (1979), alleging as the sole basis for relief that at the time of his guilty pleas neither defense counsel nor the trial judge advised him of his parole eligibility on any sentence that he might receive. The trial judge denied the motion, which included a request for the appointment of counsel, without a hearing. See *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614, 617, 622 (1974); *Commonwealth* v. *Brown*, 6 Mass. App. Ct. 844 (1978). On appeal, the defendant (now represented by counsel) abandons the ground earlier stated in his motion and argues that because the transcript of the hearing wherein the guilty pleas were taken shows that the trial judge failed to comply with Mass.R.Crim.P. 12(c)(3)(A), 378 Mass. 867 (1979), we should either reverse the ruling on the motion and order a new trial or remand the matter for a hearing.

The transcript of the hearing wherein the pleas were taken shows that the trial judge failed to inform the defendant that by his pleas he was waiving his right to confrontation of witnesses and his privilege against self-incrimination. That such information be given a defendant "on the record, in open court" is mandated by rule 12(c)(3)(A), but not by *Boykin* v. *Alabama*, 395 U.S. 238 (1969). See *Commonwealth* v. *Morrow*, 363 Mass. 601, 603-605 (1973). The transcript is otherwise sufficient on its face to show that the pleas were voluntarily and knowingly made.

Although the record of the proceedings wherein the pleas were taken is facially defective by reason of noncompliance with rule 12(c)(3)(A), we will not assume that the pleas were involuntary and unknowing and say as matter of law that as a result of the trial judge's incomplete colloquy, justice has not been done. See *Commonwealth* v. *DeMarco*, 387 Mass. 481, 482, 484, 487 (1982); *Commonwealth* v. *Johnson*, 11 Mass. App. Ct. 835, 841 (1981) ("[W]hile compliance with the procedures set out in rule 12[c] is mandatory, adherence to or departure from them is but one factor to be considered in resolving" whether a waiver was knowingly and voluntarily made).

The order denying the defendant's motion under rule 30(b) is affirmed. However, because the defendant's request for the appointment of counsel was denied (although correctly on the ground for relief recited in his motion), leave is hereby granted to the defendant to file within thirty days a new motion under rule 30(b), to include all grounds for relief he may believe in good faith exist. See Mass.R.Crim.P. 30(c)(2), 378 Mass. 900 (1979).

*So ordered.*

*Steven J. Rappaport* for the defendant.
*Natalea Skvir*, Assistant District Attorney, for the Commonwealth.