COMMONWEALTH *vs.* ALVIN CARTER.

Middlesex.   October 7, 1985. — November 13, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Plea. *Felony-Murder Rule. Robbery. Homicide.*

At a plea hearing on charges arising from a robbery during which an accomplice of the defendant fatally shot one of the victims, the defendant's admission that he knew his accomplice was carrying a gun was sufficient for a determination of the element of malice required for a felony-murder conviction and, thus, warranted acceptance of the defendant's plea of guilty to murder in the second degree, even though the defendant stated that he believed the gun carried by his accomplice was unloaded. [236-237]

INDICTMENTS found and returned in the Superior Court Department on February 2, 1981.

A motion to withdraw a guilty plea and for a new trial was heard by *Peter F. Brady,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Ellen K. Wade* (*Sherry S. Leibowitz* with her) for the defendant.

*Charles J. Hely,* Special Assistant Attorney General (*Stephanie Glennon* with him) for the Commonwealth.

WILKINS, J.   The defendant, who pleaded guilty to murder in the second degree and other felonies, seeks to withdraw those pleas. His withdrawal request as to the murder indictment is based on the theory that the record of the proceedings at which he changed his pleas from not guilty to guilty does not show that the defendant admitted to facts sufficient for a determination of malice, which is essential to a conviction of felony-murder and thus also essential to any proper acceptance of the defendant's plea of guilty to murder. The defendant points out that to establish guilt on the felony-murder theory, the felony

must either be "inherently dangerous to human life" or it must involve "circumstances demonstrating the defendant's conscious disregard of the risk to human life." *Commonwealth* v. *Matchett,* 386 Mass. 492, 508 (1982). See *Commonwealth* v. *Moran,* 387 Mass. 644, 651 (1982). The defendant argues that, although he admitted at the change of plea hearing that he knew one of his accomplices had a gun, he also said he believed the gun was not loaded. He asserts that knowledge that an accomplice intends to use an unloaded gun is sufficient to support neither a conviction of felony-murder nor an acceptance of a plea of guilty to murder. The plea judge denied the defendant's motion under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), for leave to withdraw his guilty pleas. We affirm that order.[1]

At his change of plea hearing, the defendant heard a factual description of the crimes. He admitted that he and an accomplice approached a parked car with the intention of robbing its occupants, that he opened the passenger door, and that this accomplice fired at the driver when he resisted. The defendant denied that he grabbed one of the intended robbery victims.[2] On examination by the judge the defendant said that he did not have a weapon, but that he knew one accomplice did. He said further that his accomplices told him the gun did not have any bullets and that he did not know they had bullets.

---

[1] The defendant additionally pleaded guilty to two indictments charging armed assault with intent to rob and one indictment charging assault and battery with a dangerous weapon. He was given concurrent sentences on these charges. He seeks to withdraw his pleas of guilty to these charges on the ground that the record of the plea change and sentencing proceeding itself shows that the pleas were not knowing and voluntary.

[2] We need not recite the details of the crimes presented to the plea judge. Evans, the accomplice who fired the gun, earlier had been found guilty of murder in the first degree, and his conviction was upheld on appeal. *Commonwealth* v. *Evans,* 390 Mass. 144 (1983). Our consideration of the defendant's challenge to his plea of guilty to the murder charge must be based on the record before the plea judge because the defendant is relying solely on that record. See *Commonwealth* v. *Swift,* 382 Mass. 78, 84 (1980); *Commonwealth* v. *Foster,* 368 Mass. 100, 108 nn.6 & 7 (1975); *Commonwealth* v. *Nolan,* 19 Mass. App. Ct. 491, 492 (1985). There was evidence in the *Evans* case, however, that all three participants in the crimes "knew the gun was loaded." 390 Mass. at 147.

We set forth certain governing principles. To be valid, it is constitutionally required that a guilty plea be grounded on facts in the record showing either that the defendant was informed of all the essential elements of the crime to which he was pleading or that he admitted facts sufficient to establish the existence of those elements. *Henderson* v. *Morgan,* 426 U.S. 637, 646 (1976). *Commonwealth* v. *Begin,* 394 Mass. 192, 197 (1985). *Commonwealth* v. *Sullivan,* 385 Mass. 497, 509 (1982). *Commonwealth* v. *McGuirk,* 376 Mass. 338, 343-344 (1978), cert. denied, 439 U.S. 1120 (1979). Commencing in 1982, opinions of this court have made malice a distinct and essential element of felony-murder by requiring that the felony itself, or the manner in which it was committed, demonstrate the defendant's conscious disregard of the risk to human life. See *Commonwealth* v. *Matchett,* 386 Mass. 492, 508 (1982); *Commonwealth* v. *Moran,* 387 Mass. 644, 651 (1982); *Commonwealth* v. *Watson,* 388 Mass. 536, 543-544 (1983); *Commonwealth* v. *Currie,* 388 Mass. 776, 785 (1983); *Commonwealth* v. *Doherty,* 394 Mass. 341, 353 (1985). These new felony-murder principles, on which the defendant relies, were announced after the defendant was sentenced and are applicable only to cases on direct appeal or as to which the time for direct appeal had not yet expired, if the issue was preserved at trial. *Commonwealth* v. *Parham,* 390 Mass. 833, 846 (1984). *Commonwealth* v. *Moran, supra* at 651 n.3. The defendant pleaded guilty to murder in the second degree in 1981. He may not, therefore, rely on those felony-murder principles developed since his plea and sentencing. Our review of the denial of the defendant's motion thus requires us only to determine whether the plea hearing was infected with prejudicial constitutional error or whether, pursuant to Mass. R. Crim. P. 30 (b), "it appears that justice may not have been done." See *Commonwealth* v. *DeMarco,* 387 Mass. 481, 484, 487 (1982); *Commonwealth* v. *Sullivan,* 385 Mass. 497, 503 (1982); *Commonwealth* v. *Penrose,* 363 Mass. 677, 681 (1973); *Commonwealth* v. *Nolan,* 19 Mass. App. Ct. 491, 495 (1985).

Because we reject the premise of the defendant's argument, the standard of review in this case is not a significant factor.

We have held that the "felony of armed robbery, committed with a loaded gun, may not 'be committed in a way not inherently dangerous to human life.'" *Commonwealth* v. *Currie, supra* at 785. See *Commonwealth* v. *Watson, supra* at 544 & n.7; *Commonwealth* v. *Matchett, supra* at 508. An unarmed felon could be guilty of murder in the course of the commission of an armed robbery, however, only if he knew that his accomplice was carrying a weapon. *Commonwealth* v. *Watson, supra* at 544. Where an unarmed felon knows that his accomplice in a robbery is carrying a gun, even if he believes the gun is unloaded and his accomplice has no ammunition, that robbery is inherently dangerous to human life. The use of a gun, even if it is unloaded, may provoke violent resistance from the intended victim or may spur others, such as police officers, to intervene with deadly force. See *Commonwealth* v. *Tarrant,* 367 Mass. 411, 415 (1975); *Commonwealth* v. *Henson,* 357 Mass. 686, 693 (1970). Contrary to an unarmed felon's expectation, a gun may come to be loaded in the course of events and, as occurred here, it may be used to cause death. Armed robbery with what one felon may believe to be an unloaded gun is thus inherently dangerous to human life. The defendant, therefore, admitted in the change of plea proceeding to facts that established the existence of all the essential elements of the crime of murder.[3]

There is no merit to the defendant's further argument that he showed subnormal intelligence in the course of the plea proceedings and that the judge failed to take this deficiency into account in considering whether the pleas were knowing and voluntary. The judge was warranted in finding that the defendant understood the charges, the facts on which they were based, and the constitutional rights he was waiving by pleading guilty. His ruling that the defendant pleaded guilty freely and voluntarily, with knowledge of the consequences, was also proper.

---

[3] Because an armed robbery with an unloaded gun is inherently dangerous to human life, we need not consider whether the specific circumstances of this crime demonstrate the defendant's conscious disregard of the risk to human life.

The order denying the defendant's motion for leave to withdraw his guilty pleas is affirmed.

*So ordered.*