COMMONWEALTH *vs*. MOSHE HASON.

No. 89-P-68.

Suffolk.  September 14, 1989. — October 23, 1989.

Present: DREBEN, KAPLAN, & FINE, JJ.

*Practice, Criminal,* Plea. *Alien.*

A criminal defendant, an Israeli citizen, was not entitled to withdraw a guilty plea five years after sentencing on the ground that he did not have a complete understanding of the consequences of his plea, where the judge, prior to accepting the plea, advised the defendant as required by G. L. c. 278, § 29D, assuring that the defendant knew that his plea might have an effect on his resident alien status, and where, absent the defendant's showing any special circumstances, additional advice was not required. [843-845]

INDICTMENT found and returned in the Superior Court Department on January 14, 1981.

A motion in the nature of a request for leave to withdraw a plea of guilty was heard by *Walter E. Steele,* J.

*David B. Mark,* Assistant District Attorney, for the Commonwealth.

*Jeremiah P. Sullivan, Jr.,* for the defendant.

DREBEN, J. In February, 1983, the defendant, an Israeli citizen, pleaded guilty to an indictment charging him with receiving a stolen motor vehicle.[1] In March, 1988, five years after sentencing, the defendant filed a written motion to withdraw his plea (motion for a new trial) on the ground that the record did not show that the advice required by G. L. c. 278, § 29D,[2] had been given. After a hearing at which the defendant

---

[1] The defendant was sentenced to serve eleven months in a house of correction. The sentence was ordered suspended, the defendant was placed on probation for two years and was fined.

[2] That statute, inserted by St. 1978, c. 383, provides:

conceded that the plea transcript showed compliance with that statute, the motion judge, who had also been the judge accepting the plea, allowed the defendant to withdraw his plea. The Commonwealth has appealed. We reverse.

In addition to the factual basis[3] for the plea, the transcript of the plea proceedings reveals the following information bearing on the defendant's understanding of the consequences of his plea. The defendant was thirty years old, was then unemployed but had been a vocational teacher in Lexington where he taught the basic language of digital equipment. He had studied at the University of Massachusetts and had obtained a teaching certificate. He was not under the influence of drugs or alcohol. When asked by the judge, "Have you been advised by your attorney that a conviction of this offense may have consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States?" the defendant answered:

"Conviction Upon Plea of Guilty or Nolo Contendere; Motion to Vacate:

"The Court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the Court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' The defendant shall not be required at the time of the plea to disclose his or her legal status in the United States to the court.

"If the Court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the Court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty.' Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

[3] Many of the facts appear in *Commonwealth* v. *Hason,* 387 Mass. 169 (1982), in which the Supreme Judicial Court, on the Commonwealth's interlocutory appeal, reversed an order suppressing the vehicle and a home computer found therein.

A.  "Yes, but as far as I know, my attorney told me that he has made some arrangement with Mr. Burke regarding this case so I wouldn't be deported."

THE COURT: "Is that so? Tell me about that."

MR. ALCH: "In substance, that's correct. It will be more specifically set forth to your Honor." [4]

The judge informed the defendant of the rights he was waiving, the maximum sentence that could be imposed, and also told him that, regardless of anything anyone had said as to the sentence, the judge could impose any sentence under the law that he deemed appropriate. After questioning the defendant whether he was pleading freely and with understanding, the judge stated that he was "satisfied that [the defendant's] offer to plead guilty is made voluntarily and with some knowledge of the possible consequences."

At the hearing on the motion for a new trial (withdrawal of the plea), new counsel for the defendant acknowledged that the transcript of the plea proceedings "clearly" shows that the court followed the statutory prescription. Counsel told the court that while the defendant had been "represented by a competent attorney," the defendant did not have "a complete understanding" of the consequences of the plea.[5] He thought that because of an agreement between his attorney and the district attorney the "potential for deportation and or potential for his inability later on to be naturalized" would not apply to him. Counsel added, "[O]f course, we know the district attorney and the defense attorney cannot make . . . agreements that would affect the government's denial of the naturalization." The judge was

---

[4] At a later point in the hearing, counsel for the defendant explained that the reason for the eleven month sentence is that, under 8 U.S.C. § 1251(a)(4) (1982), a sentence of one year or more subjects a defendant to deportation.

[5] Counsel had asked the judge whether he should place the defendant on the stand or whether it would be sufficient for counsel to summarize the claim. The latter course was followed. It would have been preferable to take evidence directly from the defendant so that if any questions as to credibility arose, the judge could have made findings as required by Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979).

told that the defendant had applied for citizenship but cannot now become a naturalized citizen if the conviction still stands.[6] After taking the matter under advisement, the judge, without findings, allowed the motion.

There was here no legal basis for permitting the defendant to withdraw his plea. The immigration ramifications of a conviction are not considered to be direct consequences of being confined. Rather, they are collateral and contingent consequences of a plea, and, but for G. L. c. 278, § 29D, see note 2, *supra*, there would be no obligation on a judge to warn or inform the defendant of such consequences in order to render the plea a voluntary and intelligent one. *Commonwealth* v. *MacNeil*, 23 Mass. App. Ct. 1022, 1024 (1987).

It is settled in Massachusetts that a defendant need not be advised of contingent or collateral consequences. In *Commonwealth* v. *Morrow*, 363 Mass. 601, 605-606 (1973), the court held that it was not necessary to advise a defendant that his pleas could subject him to G. L. c. 123A (the provisions for sexually dangerous persons), as that was "but one of many contingent consequences of being confined." *Id*. at 606. A judge is "not required to advise the defendant on the legal and practical complexities of the parole law." *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614, 622 (1974). *Commonwealth* v. *Cepulonis*, 9 Mass. App. Ct. 302, 309 (1980), and cases cited. *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 494 n.4 (1985). He or she need not advise of the loss of "good time" deductions. *Commonwealth* v. *Brown*, 6 Mass. App. Ct. 844 (1978).

The disclosure obligation is therefore imposed only by G. L. c. 278, § 29D. The statute sets forth in explicit terms what advice must be given. See note 2, *supra*. The exact language of the warning is not crucial; what is important is that the pur-

---

[6] At oral argument in this court, the prosecutor, citing 8 U.S.C. § 1101(f)(3) (1982) and 8 U.S.C. § 1427(a) (1982), claimed that an automatic ban on naturalization would apply only for five years, and hence, the defendant's naturalization is currently a matter within the discretion of the Immigration and Naturalization Service. We have not considered the naturalization consequences.

pose of the statute be satisfied, that is, "to assure that a defendant knows that a plea of guilty may have an effect on his alien status." *Commonwealth* v. *Lamrini, ante* 662, 666 (1989). Beyond that, in the absence of special circumstances, a judge need not explain to the defendant the intricacies of the immigration laws. See *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. at 622.

If there be special circumstances, the defendant has the burden of showing them. See *Commonwealth* v. *Hubbard,* 371 Mass. 160, 168 (1976). This he has not done. There is here no suggestion of serious mental problems or lack of education, see *Commonwealth* v. *Perry,* 389 Mass. 464, 467 (1983); no proof of amnesia or other illness that might affect his competency, see *Commonwealth* v. *Hubbard,* 371 Mass. at 168-172; no evidence of retardation, see *Henderson* v. *Morgan,* 426 U.S. 637 (1976); no proof of subnormal intelligence, see *Commonwealth* v. *Carter,* 396 Mass. 234, 237 (1985); no showing that his decision was made without the guidance of a lawyer, see *Commonwealth* v. *Morrow,* 363 Mass. 601, 607 (1973) (availability of counsel a factor in determining the validity of plea).

Moreover, the plea transcript shows that this "was not a situation in which it had become apparent that the defendant was concerned with his eligibility for [naturalization] and misunderstood his rights with respect thereto." See *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. at 622. Nor is there anything in either the transcript of the plea or new trial proceedings to suggest that the defendant was substantially misled or had reasonable grounds for believing that his plea would have no impact on his possibilities of naturalization. See *Commonwealth* v. *Santiago,* 394 Mass. 25, 28 (1985).

Our conclusion that the defendant has shown no grounds for the withdrawal of his plea is reinforced by the policies set forth in *Commonwealth* v. *DeMarco,* 387 Mass. 481, 484-487 (1982). Under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), a judge may grant a motion to withdraw a plea only "if it appears that justice may not have been done." Judges are to "apply the standard set out in Mass.R.Crim.P. 30(b) rigorously,"

*id.* at 487, and should "only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth." *Id.* at 486. The claim here proffered by the defendant five years after sentencing does not qualify under that standard.

> *Order allowing a new trial*
> *vacated.*