COMMONWEALTH *vs.* ALBERT A., a juvenile
(and a companion case[1]).

Nos. 98-P-1873 & 98-P-1986.

Plymouth. January 18, 2000. - May 30, 2000.

Present: PERRETTA, KASS, & LENK, JJ.

*Sex Offender. Delinquent Child. Sex Offender Registration and Community Notification Act. Practice, Criminal,* Plea, New trial. *Constitutional Law,* Plea.

Juveniles, who had pleaded delinquent to various crimes including indecent assault and battery on a child under fourteen and who were on probation at the time of enactment of the Sex Offender Registration and Community Notification Act, G. L. c. 6, §§ 178C-178O, effective October 1, 1996, which required the juveniles to register as sex offenders, were not entitled to withdraw their pleas as constitutionally defective, where the registration and notification provisions of the act were merely collateral and contingent consequences of a plea about which there were no obligations to inform a juvenile at the time of offering a plea, and where there was no reasonable basis for the juveniles' belief that their juvenile records would remain confidential. [270-272]

COMPLAINTS received and sworn to in the Brockton Division of the District Court Department on June 1, 1994, and December 26, 1995, respectively.

Following the juveniles' admissions to sufficient facts and adjudications of delinquent before *Robert F. Murray*, J., and *John P. Corbett*, J., motions for new trials were heard by *Corbett*, J.

*Alba Doto Baccari* for the juveniles.

*Mary E. Mullaney*, Assistant District Attorney, for the Commonwealth.

KASS, J. Albert A. and Marty M., both juveniles, pleaded

[1]Commonwealth *vs.* Marty M., a juvenile. Although a motion to consolidate these two cases was denied, they present identical issues and we treat the cases with a single opinion.

delinquent to various crimes, including G. L. c. 265, § 13B, indecent assault and battery on a child under fourteen years of age.[2] On July 15, 1996, subsequent to the juveniles' pleas but while they were on probation, the Legislature enacted the Sex Offender Registration and Community Notification Act, G. L. c. 6, §§ 178C-178O (act or sex offender act), which took effect on October 1, 1996. The mechanics of the act are detailed in *Opinion of the Justices*, 423 Mass. 1201, 1204-1208 (1996), and *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 213-214 (1997). By reason of their adjudication of delinquency on the counts under G. L. c. 265, § 13B, the act requires the juveniles to register as sex offenders and sets forth procedures for the dissemination to the public of information regarding their records.[3] G. L. c. 6, §§ 178E, 178I, 178J, 178K. In the wake of the enactment of the sex offender registration statute on August 5, 1996, each juvenile filed a motion for a new trial, seeking to revoke his plea as constitutionally defective. On January 7, 1997, a judge of the District Court, having consolidated the two cases, denied the motions, whereupon the juveniles timely appealed. We affirm.

*Discussion.* A postconviction challenge to the validity of a guilty plea lies under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), which governs new trial motions. *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 47-48 (1997). The disposition of such a motion is within the sound discretion of the motion judge and will not be reversed absent "an abuse of discretion that produces a manifestly unjust result." *Ibid.* Consistent with the language and intent of rule 30(b), the withdrawal of a plea after sentencing should occur only "if it appears that justice may not have been done." *Commonwealth* v. *DeMarco*, 387 Mass. 481, 487 (1982), quoting from rule 30(b).

The juveniles do not claim that their plea colloquies were inadequate, but rather that the subsequent enactment of the sex

---

[2]Albert A. also pleaded delinquent to breaking and entering in the day time with the intent to commit a felony, G. L. c. 266, § 18, and malicious destruction of property valued at $250 or less, G. L. c. 266, § 127. In addition to indecent assault and battery on a child under fourteen, Marty M. pleaded to assault and battery, G. L. c. 265, § 13A.

[3]In *Doe* v. *Attorney Gen.*, 430 Mass. 155 (1999), the court held that one must be given an individualized hearing prior to registering as a sex offender, absent a showing that the offender "poses a grave threat to children and other vulnerable populations and that the risk of reoffense in those circumstances is compelling." *Id.* at 165.

offender act fundamentally changed the rules of the game. They pleaded delinquent, they argue, because of the confidentiality of juvenile records; no one would know they had committed a sex crime and, once they turned eighteen, that unpleasantness would be behind them. Had the juveniles known then what they know now — that they face the possible public disclosure of their juvenile records — they would not have disposed of their cases as they did.

A plea of guilty must be entered understandingly and voluntarily. *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969). *Commonwealth* v. *Morrow*, 363 Mass. 601, 603 (1973). The constitutional adequacy of a plea, however, does not require that a defendant be advised of consequences that are contingent or collateral to the plea. *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 843 (1989) (citing cases).

That one adjudged in violation of G. L. c. 265, § 13B, might be subject to the registration and notification provisions of the sex offender act is but one of the many contingent or collateral consequences of such an adjudication. *Opinion of the Justices*, 423 Mass. at 1231. Accordingly, one need not be so informed and "any failure to inform would not violate the terms of a plea agreement." *Ibid*. Cf. *Commonwealth* v. *Morrow*, *supra* at 606 (being subject to G. L. c. 123A, concerning the treatment of sexually dangerous persons, is a contingent consequence of confinement); *Commonwealth* v. *Santiago*, 394 Mass. 25, 30 (1985) (limitations on or requirements for parole are contingent consequences of confinement); *Commonwealth* v. *Hason*, *supra* (immigration ramifications are collateral and contingent consequences of a plea, about which there would be no obligation to inform defendant absent G. L. c. 278, § 29D). The result is the same whether the defendant entered a plea before or after the effective date of the sex offender act. Cf. *Commonwealth* v. *MacNeil*, 23 Mass. App. Ct. 1022, 1023 (1987) (even where statute requires colloquy on immigration consequences of plea, such a requirement is not retroactive).[4]

To the extent the juveniles believed their juvenile records to

---

[4]The sex offender registry law was rewritten by St. 1999, c. 74, § 2. That amendment included insertion of G. L. c. 6, § 178E(*d*), which reads as follows: "(*d*) Any court which accepts a plea for a sex offense shall inform the sex offender prior to acceptance and require the sex offender to acknowledge, in writing, that such plea may result in such sex offender being subject to the

be confidential at the time they admitted to sufficient facts and pleaded delinquent, they were mistaken in their belief. Even prior to the enactment of the sex offender act, juvenile records could be made public. See, e.g., G. L. c. 119, § 60A (as in effect prior to St. 1996, c. 200, § 6) ("The records of the court . . . in all cases of delinquency . . . shall be withheld from public inspection except with the consent of a justice of such court . . . .") "The traditional confidentiality of juvenile court records, which was explicitly eroded when the 1996 amendment of § 60A excluded the court records of indicted juveniles, was further eroded implicitly when the Legislature established the sex offender registration and community notification requirements in St. 1996, c. 239." *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. at 216. Absent a claim that the prosecutor made an express promise that the juveniles' records would be treated as confidential — which is not the case here — the juveniles' challenge to the constitutionality of their pleas fails. *Doe* v. *Attorney Gen.*, 430 Mass. 155, 167-168 (1999). See *Commonwealth* v. *Indelicato*, 40 Mass. App. Ct. 944, 945 (1996) ("A guilty plea is not necessarily regarded as having been made involuntarily or unintelligently because a defendant has received inaccurate or incomplete advice from his counsel concerning the penal consequences of the plea").

In each case, the denial of the motion to revoke the plea of guilty and for a new trial is affirmed.

*So ordered.*

---

provisions of sections 178C to 178P, inclusive [the sex offender registry law]. Failure to so inform the sex offender shall not be grounds to vacate or invalidate the plea."