COMMONWEALTH *vs.* FRANCISCO J. FRAIRE. No. 00-P-1023. September 9, 2002. *Alien. Practice, Criminal,* Assistance of counsel, Plea. *Constitutional Law,* Assistance of counsel.

On January 8, 1998, the defendant admitted to sufficient facts and was found guilty of assault and battery by means of a dangerous weapon, assault and battery, and threatening to commit a crime. On February 3, 2000, with the

---

spectre of deportation looming, the defendant filed a motion for a new trial. After a hearing, a judge of the District Court denied the motion.

On appeal, the defendant does not take issue with the colloquy conducted by the judge, but rather claims his defense counsel was ineffective for failing to inform him of the immigration consequences he faced as a result of pleading guilty.[1] The defendant's argument fails as a matter of logic. In order to establish ineffective assistance, the defendant must establish (in addition to counsel's "serious incompetency") that counsel's inadequacies were such that the defendant was "likely deprived . . . of an otherwise available, substantial ground of defen[s]e." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Stated differently, the defendant must demonstrate that counsel's error made a difference in his decision to plead guilty. Cf. *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 718 (1997) (where a defendant's collateral attack on guilty plea is based on omissions in colloquy relating to defendant's intra-trial rights, the defendant must show that alleged omission made a difference in decision to plead guilty). But the defendant *was* informed of the potential immigration consequences he faced. See note 1, *supra*. Therefore, the defendant's argument may be fairly characterized as conceding that he pleaded guilty with an awareness of immigration consequences he *might* face, but insisting that he would not have pleaded guilty if he knew that he *would* face such consequences. Simply stated, that the defendant chose to disregard the warnings given by the judge is not the fault of the court, or of defense counsel.

Beyond the fact that the defendant was actually warned, we have long held that, in the absence of a statutory requirement, a defendant need not be informed of the collateral consequences of a guilty plea. See *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 843 (1989), and cases cited; *Commonwealth* v. *Albert A.*, 49 Mass. App. Ct. 269, 271 (2000). Moreover, we have repeatedly held that immigration ramifications are one such collateral consequence. See *Commonwealth* v. *Hason*, *supra*; *Commonwealth* v. *Medeiros*, 48 Mass. App. Ct. 374, 375 (1999).

The defendant counters that, due to various changes in immigration law and policy since 1996, immigration consequences can no longer be considered collateral, because such consequences are now "certain" and, as such, a "direct" consequence of a guilty plea.[2] However, the defendant ignores the fact that decisions of this court and of the Supreme Judicial Court, handed down since 1996, have continued the long practice of deeming immigration consequences collateral in nature. See *Commonwealth* v. *Quispe*, 433 Mass. 508, 513 (2001); *Commonwealth* v. *Medeiros*, *supra*. See also *Commonwealth* v. *Rodriguez*, 52 Mass. App. Ct. 572, 578 (2001); *Commonwealth* v. *Wheeler*, 52 Mass. App. Ct. 631, 638 n.10 (2001). "[I]mmigration effects are collateral because deportation is 'not the sentence of the court which accept[s] the plea

---

[1]Pursuant to G. L. c. 278, § 29D, the judge properly advised the defendant of the immigration consequences he could face.

[2]Anecdotal evidence notwithstanding, the defendant has provided no authority for the proposition that deportation, in circumstances such as these, is certain, i.e., that no decisionmaker, at any stage of the removal process, has discretion to permit a defendant to remain. See, in this regard, Blumenson, 2 Massachusetts Criminal Practice § 42.2, at n.34.5 (Supp. 2001).

but of another agency over which the trial judge has no control and for which he has no responsibility.' " *Commonwealth* v. *Quispe*, 433 Mass. at 513, quoting from *United States* v. *Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000). In short, it is not the indeterminate nature of immigration consequences that makes them collateral in nature; it is the fact that such consequences are handed down by a body entirely separate from the court that accepts the guilty plea.

Because immigration consequences remain collateral in nature, the defendant was not entitled to any warning beyond that mandated by G. L. c. 278, § 29D. For this reason, and for the other reasons discussed, counsel was not constitutionally ineffective. The motion was properly denied.

*Order denying motion for new trial affirmed.*

*Joseph H. Devlin* for the defendant.

*Bridget Norton Middleton*, Assistant District Attorney, for the Commonwealth.