COMMONWEALTH *vs.* LISANDRO G. MONTEIRO. No. 01-P-641. November 7, 2002. *Practice, Criminal,* Plea. *Alien.*

The Commonwealth appeals from an order allowing the defendant's motion for a new trial on the ground that his guilty pleas to each of several charges against him were involuntary. The charges, contained in two separate complaints, included larceny of a motor vehicle, malicious damage to a motor vehicle, breaking and entering in the nighttime with the intent to commit a felony, and possession of burglarious instruments. The defendant entered his pleas in August, 1999, when he was seventeen years old, and was sentenced to concurrent suspended one-year terms in a house of correction on each of the charges.

At the time the defendant entered his pleas, the judge engaged in a plea colloquy that fully complied with Mass.R.Crim.P. 12(c)(3), 378 Mass. 866 (1979). The judge also gave the defendant, who was born in Angola, each of the immigration warnings set forth in G. L. c. 278, § 29D, including that the defendant's conviction on any one of the charges against him might result in his deportation. The defendant also completed two separate "Tender of Plea or Admission/Waiver of Rights" forms certifying that he understood that conviction on any of the charges in the complaints against him might lead to his deportation, exclusion from admission to the United States, or denial of naturalization. The judge specifically found that there were factual bases for the defendant's admissions, that the defendant understood the nature of the offenses in each complaint, and that his pleas were made voluntarily, intelligently, and with knowledge of their consequences.

The defendant nevertheless asserted in his new trial motion that his guilty pleas were involuntary or unintelligent because his counsel at the sentencing hearing had failed to advise him that, under recent amendments to the Federal Immigration and Nationality Act of 1952 (INA), 8 U.S.C. § 1101(a) (1994), the imposition of a one-year sentence would subject him to automatic deportation even if the sentence were suspended. The defendant further noted that in April, 2002, following his guilty pleas and resulting convictions, immigration authorities served the defendant with a "Notice to Appear" at a deportation hearing which listed the one-year sentences on his convictions as the basis for his proposed deportation. The motion judge, who was also the sentencing judge, apparently relied on these representations in allowing the defendant's motion. The judge indicated only that the motion was being allowed "in the interest of justice."

We have repeatedly held that "in the absence of a statutory requirement, a defendant need not be informed of the collateral consequences of a guilty plea." *Commonwealth* v. *Fraire*, 55 Mass. App. Ct. 916, 917 (2002), and cases cited. We have further noted that "the immigration ramifications [of a guilty plea] are one such collateral consequence." *Ibid.* In light of these decisions, we agree with the Commonwealth that the defendant should not have been permitted to withdraw his pleas in the present case merely because his former counsel may have failed to inform him of the recent amendments to the INA. Even if the amendments have the effect that the defendant is claiming, "it is not the indeterminate nature of immigration consequences which makes them collateral in nature; it is the fact that such consequences are handed down by a body entirely separate from the court that accepts the guilty plea." *Id.* at 918, citing *Commonwealth* v. *Quispe*, 433 Mass. 508, 513 (2001).

We therefore conclude that the defendant was not entitled to a new trial merely because his counsel failed to advise him about the amendments.

While the defendant has raised additional claims that his counsel was ineffective, we conclude that these claims are also without merit with respect to a new trial motion. See *Katz* v. *Commonwealth*, 379 Mass. 305, 316 (1979).

*Order allowing new trials vacated.*

*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.

*Francis P. Craig* for the defendant.