NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1267

COMMONWEALTH

vs.

TERRY LEWIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2004, the defendant agreed to a global plea to resolve four criminal cases -- including two cases alleging primarily drug-related offenses -- pending against him in the District Court.  The defendant later learned that the attorney who had represented him and who had advised him to accept the global plea agreement (plea counsel) had misled him about the strength of the drug cases by falsely claiming to have filed and lost motions to suppress in those cases.  The defendant moved for a new trial in all four cases, citing plea counsel's misconduct. The judge who heard the motions (motion judge)[1] allowed the

_____

[1] The motion for a new trial at issue in this appeal is the defendant's second such motion.  The judge who heard the plea

defendant to vacate his guilty pleas to the charges in the two cases directly affected by plea counsel's misrepresentations (relevant charges) but denied the defendant's request for a new trial in the other cases. The defendant appealed from the orders denying his motions in the two cases.[2] Because we conclude that the judge neither erred nor abused his discretion in making the challenged rulings, we affirm.

Background. We summarize the procedural history and the facts as the motion judge found them, supplementing them with undisputed facts drawn from the record and reserving certain details for later discussion.

In 2003, the defendant was arraigned in the District Court on the four complaints to which we have referred -- two alleging primarily drug offenses (drug cases)[3] and two alleging primarily

---

and the first motion had retired by the time the defendant filed his second motion.

[2] Neither party appealed from the orders allowing the motions for a new trial in the other two cases.

[3] Docket number 0332CR2533 -- charging the defendant with (1) possession with the intent to distribute a class B substance and (2) a drug violation near a school or park -- and docket number 0332CR2876 -- charging the defendant with (1) possession with the intent to distribute a class D substance, (2) possession with the intent to distribute a class B substance, and (3) carrying a dangerous weapon.

assaultive offenses (assault cases).[4]  The defendant hired plea

counsel to represent him in each case.

On March 2, 2004, the trial date of the older of the two

assault cases, plea counsel advised the defendant to enter into

a global plea agreement in which the defendant would plead

guilty to nearly all charges in the four pending complaints[5] and

accept concurrent split sentences on nearly all the charges to

which he pleaded guilty.[6]  The defendant was aware that the

witnesses for the assault case scheduled for trial were present.

When the defendant asked plea counsel about the charges in the

drug cases, plea counsel told the defendant, falsely, that he

had filed, argued, and lost motions to suppress evidence in

those cases.  The defendant accepted the global plea agreement,

---

[4] Docket number 0332CR2723 -- charging the defendant with (1) assault, (2) assault with a dangerous weapon, (3) two counts of assault and battery, and (4) aggravated assault and battery -- and docket number 0332CR9200 -- charging the defendant with (1) operating a motor vehicle with a suspended license, (2) assault and battery with a dangerous weapon, and (3) assault and battery.

[5] The count alleging a drug violation near a school or park was dismissed, and the defendant admitted to sufficient facts as to the count for aggravated assault and battery.

[6] The plea judge placed on file the count alleging operation of a motor vehicle with a suspended license.

and the plea judge imposed the agreed-upon concurrent split sentences.[7]

Years later, the defendant learned that plea counsel had not filed any motions to suppress in either of the drug cases and had lied to the defendant about having done so. In 2022, the defendant filed a motion for a new trial as to all four cases,[8] arguing that he had relied on plea counsel's false claims about motions to suppress in the drug cases when he agreed to the global plea, that he had not been advised by plea counsel that his guilty pleas could expose him to a risk of enhanced sentencing as an armed career criminal if he were to be convicted in the future, see G. L. c. 269, § 10G, and that he now believes that plea counsel failed to conduct any investigation in the assault cases.

At an evidentiary hearing, the defendant testified about the circumstances of his global plea, as we have described them, and to his belief that he had viable motions to suppress in the drug cases. As to the assault cases, the defendant's affidavit supporting the motion for a new trial criticized plea counsel

_____

[7] In sum, the plea judge sentenced the defendant to two and one-half years in the house of correction, with fifteen months to be served and the balance to be suspended for two years.

[8] The defendant had also filed such a motion in 2010; that motion was denied because, among other reasons, the defendant was not available to testify.

for recommending that the defendant plead guilty to the relevant charges in the assault cases where the victim had "told [plea counsel] she would not testify against [the defendant]." However, the defendant did not testify or aver that plea counsel misrepresented any facts about either of the assault cases.[9] Additionally, although the defendant confirmed his understanding that no "discovery motions" or motions to dismiss had been filed in the assault cases, he did not specify how such motions would have assisted him in his defense.[10]

In a thoughtful written decision, the motion judge allowed the defendant's motion to for a new trial as to the relevant charges in the drug cases. He did so based on his finding that "[t]he [d]efendant's decision to plead guilty to those charges was based in part on" plea counsel's misrepresentation that he had filed unsuccessful motions to suppress the evidence of the drugs. The motion judge denied the motion for a new trial as to the relevant charges in the assault cases because "the suppression issue [did] not arise in those cases," analogizing

---

[9] Specifically, nothing in the affidavit or the defendant's testimony established that plea counsel falsely represented to the defendant that the victim in the older assault case would testify against him at trial.

[10] Motion counsel argued that "a dangerous weapon portion" of one of the charges was "questionable," but we are unable to identify any support in the record for that contention.

the situation before him to that in Commonwealth v. Henry, 488 Mass. 484 (2021). This appeal followed.

Discussion. 1. Standard of review. "A judge may grant a motion for a new trial any time it appears that justice may not have been done."[11] Commonwealth v. Hallinan, 491 Mass. 730, 744 (2023). Our review is for an abuse of the motion judge's discretion or significant error of law. See id.

2. Challenge to severability of global plea agreement. The first question before us is whether, having found that the defendant was entitled to withdraw his pleas to the relevant charges in the drug cases based on plea counsel's misrepresentations about the nonexistent motions to suppress in those cases, the motion judge abused his discretion in denying the defendant's motion for a new trial in the assault cases. On the record before us, we answer that question, "no."

We begin by considering the scope of plea counsel's misconduct. The motion judge credited the defendant's testimony that (1) plea counsel lied to him about having filed, argued, and lost motions to suppress in the drug cases and (2) his decision to plead guilty to the relevant charges in the drug

---

[11] "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)," as appearing in 435 Mass. 1501 (2001). Commonwealth v. Resende, 475 Mass. 1, 12 (2016).

cases "was based in part on that misrepresentation."  As to the assault cases, however, the motion judge found that "the suppression issue [did] not arise" and, inferentially, that plea counsel's misconduct did not influence the defendant's decision to plead guilty to the relevant charges in the assault cases. Although the defendant now argues that plea counsel also misrepresented to him that the victim in the older assault case told him that she would testify against him at trial, the record does not support his claim and the motion judge made no such finding.

Turning to whether plea counsel's egregious misconduct in lying about his efforts in the drug cases required the motion judge to allow the defendant to withdraw not only the pleas to the relevant charges in the drug cases but also the pleas to relevant charges in the assault cases, we, like the motion judge, find Henry, 488 Mass. 484, instructive.  In Henry, the defendant entered into a global plea agreement in which he pleaded guilty to a drug charge and an array of nondrug charges. See id. at 486-487.  In the wake of the egregious governmental misconduct at the Hinton drug lab and pursuant to the Supreme Judicial Court's decision in Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 332 (2017), the defendant's drug charge was dismissed.  See Henry, supra at 489.  However, the judge denied the defendant's motion to withdraw his pleas to

7

the remaining charges included in the global plea, finding that the drug offenses did not drive the defendant's decision to plead guilty to the nondrug charges. Id. at 489-490. Indeed, the judge found that the defendant would have pleaded guilty to the nondrug charges even if he had known about the governmental misconduct in the drug lab. See id. On appeal, the Supreme Judicial Court concluded that "there was adequate evidence to support the judge's finding that the defendant failed to establish that there was a reasonable probability he would not have pleaded guilty had he known of [the] misconduct" and affirmed the judge's ruling. Id. at 494.

The motion judge's findings in this case lead us to a similar conclusion. The motion judge found that plea counsel's lies related only to the drug cases, and not to the assault cases. Additionally, he found that the defendant knew the witnesses for the assault cases were present, and inferentially that the defendant was motivated to accept the global plea agreement by the risk that he would be convicted of the offenses charged in the assault case that was then on the brink of being tried. Where we infer that the motion judge found that the older assault case, and not either drug case, was the "pivotal" case in the defendant's decision to accept the plea agreement, we discern no error of law and no abuse of discretion in the

8

judge's denial of the defendant's motion for a new trial in the assault cases.  See Henry, 488 Mass. at 494.

3.  Newly discovered evidence.  We need not linger over the defendant's claim that the motion judge erred by failing to consider "newly discovered evidence," i.e., plea counsel's (1) false claim to have filed, argued, and lost motions to suppress in the drug cases; (2) alleged misrepresentation that the victim in one of the assault cases would testify against him at trial; and (3) failure to advise him of the potential that the plea could expose him to sentencing enhancements as a "career criminal" in later prosecutions.  As we have explained, the motion judge did consider the effect of plea counsel's misconduct on "the justice of the conviction[s]" to which the defendant agreed in the assault case, see Commonwealth v. Fappiano, 69 Mass. App. Ct. 727, 732 (2007) (describing prima facie case where motion for new trial alleges newly discovered evidence), and the defendant failed to produce evidence to show that plea counsel lied about the witness's willingness to testify.  Lastly, even assuming that the motion judge credited the defendant's representation that plea counsel failed to advise him of the collateral consequences of his plea, that omission did not entitle the defendant to withdraw his pleas. See Commonwealth v. Erler, 106 Mass. App. Ct. 149, 153 (2025), citing Commonwealth v. Hason, 27 Mass. App. Ct. 840, 843 (1989).

9

4.  Ineffective assistance of counsel.

"Where a motion for a new trial is based on ineffective assistance of counsel, the defendant bears the burden of proving entitlement to a new trial by showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'"

Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting

Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974).

The defendant's ineffective assistance claim turns on his claim that plea counsel misrepresented to him that the victim in the older assault case would testify against him at trial, when in fact she was unwilling to do so.  Because, as we have discussed, the defendant did not testify that plea counsel made that representation to him and the record does not otherwise provide evidence that he did, the defendant's argument fails.

> Orders denying motions for new trial affirmed.
>
> By the Court (Blake, C.J., Hand & Toone, JJ.[12]),

*Paul Little*

Clerk

Entered:  February 19, 2026.

---

[12] The panelists are listed in order of seniority.

10