COMMONWEALTH *vs.* MICHAEL J. INDELICATO. No. 95-P-2120. July 18, 1996. *Practice, Criminal*, Plea, Assistance of counsel.

The defendant appeals from an order, entered without an evidentiary hearing, denying his motion for a new trial on the ground that his pleas of guilty were involuntary. The pleas, to reduced charges of assault and battery and carrying a dangerous weapon, to wit, a knife, had been entered thirteen months earlier. He tendered the pleas, he contends, on advice from his then attorney that, because neither charge was a felony, his convictions would not impinge on his right to possess or carry firearms — a consideration that was important to him because he possessed a number of handguns, rifles, and shotguns, as well as ammunition therefor. None of this is reflected in the transcript of the defendant's change-of-plea hearing, but it is supported by an affidavit furnished by his then attorney, who states that he advised the defendant that his guilty pleas "would not preclude him from seeking a license to carry a firearm."

This advice was predicated on an assumption that both offenses to which the defendant was pleading guilty were misdemeanors, see G. L. c. 140, §§ 129B, first par., at (*a*), and 131, second par.; but it failed to take account of 18 U.S.C. § 922(g)(1)(1988), prohibiting felons from having possession of firearms or ammunition. Under the Federal law, a felon is one "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year"; and although the term "crime punishable by imprisonment for a term exceeding one year" is itself defined to exclude "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less," 18 U.S.C. § 921 (a)(20)(B)(1988), that does not exclude either assault and battery, which is punishable by up to two and one-half years in a house of correction, G. L. c. 265, § 13A, or possession of certain types of knives, which is punishable by a similar sentence if the violator has no previous felony conviction, G. L. c. 269, § 10(*b*).

Eleven months after his conviction on the guilty plea, the defendant was charged with a number of Federal offenses, four of which were for being a felon in possession of various firearms and ammunition. The Federal District Court judge, formerly a Massachusetts Superior Court judge, relying on settled precedent, ruled against a defense based on the defendant's reliance on the advice of counsel, and stated:

> "Because the federal gun statute establishes more stringent requirements for gun ownership than does state law, many other Massachusetts gun owners convicted of state misdemeanors may find that they, like Michael Indelicato, are unintentionally violating federal law. There is little, if anything, that a federal district judge can do to

ameliorate the effect of this disparity between state and federal law, other than perhaps to sound a loud enough warning bell to alert defense attorneys and state officials to this little known but significant interplay between state and federal law."

*United States* v. *Indelicato,* 887 F. Supp. 23, 24-25 (D. Mass. 1995).

A guilty plea is not necessarily regarded as having been made involuntarily or unintelligently because a defendant has received inaccurate or incomplete advice from his counsel concerning the penal consequences of the plea. See *Commonwealth* v. *Morrow,* 363 Mass. 601, 607 (1973); *Commonwealth* v. *Perry,* 389 Mass. 464, 470-471 (1983); *Commonwealth* v. *Santiago,* 394 Mass. 25, 29-30 (1985). Mistaken advice as to parole eligibility, for example, has been held not to vitiate the basis for a plea. See *Morrow, supra,* and *Santiago, supra* at 29 n.5, as well as *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. 614, 622 (1974); *Commonwealth* v. *Cepulonis,* 9 Mass. App. Ct. 302, 309 (1980). Doubtless cases might arise where trial counsel's mistaken advice as to consequences of a guilty plea would be thought so central as to undermine the plea's validity, see *Hill* v. *Lockhart,* 474 U.S. 52, 54-55, 60 (1985); *Commonwealth* v. *Cepulonis, supra* at 310, but it is not likely in a case where, as here, the mistaken or incomplete advice concerns a matter that is entirely collateral to the charges pending for plea or trial. Compare *Commonwealth* v. *Hason,* 27 Mass. App. Ct. 840, 842-844 (1989) (misleading assurances that the defendant would not be exposed to deportation proceedings). See generally Smith, Criminal Practice & Procedure §§ 1240, 1241 (2d ed. 1983).

Analyzed under the principles of ineffective assistance of counsel, the defendant's motion falls short for two reasons. First, his trial counsel cannot be regarded as having been "seriously incompetent, ineffective, or inattentive [as measured by] that which might be expected from an ordinary, fallible lawyer." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). *Commonwealth* v. *Miles,* 420 Mass. 67, 79 (1995). As the Federal District Court judge stated, this quirk in the interplay of the State and Federal law is "little known" to attorneys and State officials alike. Counsel is not required to be omniscient, *Commonwealth* v. *Norman,* 27 Mass. App. Ct. 82, 86 (1989), and the advice he gave to the defendant, while misleading as to a collateral consequence of the plea, does not amount to a failing that was "grave and fundamental." *Ibid.* The case is similar in this regard to *Commonwealth* v. *Miranda,* 22 Mass. App. Ct. 10, 20-21 (1986). The second reason is that the convictions in this case, although apparently used as the predicate convictions in the Federal prosecution, did not expose the defendant to a liability that he did not already face. Although the judge and both counsel at the plea hearing were apparently ignorant of the fact,[1] the defendant already had another predicate conviction on his record, one for uttering a forged instrument, G. L. c. 267, § 5, punishable by a State prison term of up to ten years.

The judge did not err in denying the motion.

*Order denying motion for new trial affirmed.*

---

[1]Several months later the judge entered a "[f]inding by the Court that this [the knife conviction] is a misdemeanor, not a felony, conviction, there being no prior felony convictions on the defendant's record."

The case was submitted on briefs.

*Kevin S. Nixon* for the defendant.

*Thomas F. Reilly,* District Attorney, *& Peter Schlossman,* Assistant District Attorney, for the Commonwealth.