The defendant appeals from the denial of her motion, pursuant to Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001), seeking to withdraw her plea of guilty to larceny over $250 and insurance fraud. We affirm.
As the defendant acknowledges, collateral consequences generally may not be used to satisfy the prejudice prong of the two-part test required to support a claim for ineffective assistance of counsel. See Commonwealth v. Sylvester, 476 Mass. 1, 6 (2016). The Massachusetts appellate courts have considered, and rejected, consideration of such collateral consequences as sex offender registration, see Commonwealth v. Shindell, 63 Mass. App. Ct. 503, 505 (2005), limitations on parole eligibility, see Commonwealth v. Stanton, 2 Mass. App. Ct. 614, 621-622 (1974), and civil confinement for sex offender treatment, see Commonwealth v. Roberts, 472 Mass. 355, 362-363 (2015). Though the United States Supreme Court created an exception to that general rule in the context of deportation as a consequence of conviction, see Padilla v. Kentucky, 559 U.S. 356, 369, 374 (2010), our cases continue to view that exception as a narrow one, limited to the specific and "unique" context of deportation. Roberts, supra at 363 n.10. The defendant suggests that her case is an appropriate occasion to extend the holding of Padilla, and the exception created therein, to adverse collateral employment consequences resulting from a criminal conviction. We decline the invitation.[2]
Because we conclude that the adverse employment consequences claimed by the defendant may not be used to satisfy the prejudice prong of the test for ineffective assistance of counsel, we need not, and do not, consider whether she has demonstrated that a more favorable disposition, avoiding the claimed adverse consequences, could have been achieved had her plea counsel furnished constitutionally adequate representation. Similarly, because her claim of prejudice rests on an ineligible ground, we discern no abuse of discretion in the failure of the motion judge to conduct an evidentiary hearing on her motion.
Order denying motion to withdraw plea affirmed.

Among other things, the range and extent of any impact of a criminal conviction on an individual's future employment prospects is highly variable and uncertain. We note, for example, that counsel advised at oral argument that the defendant in the present case has been able to gain employment in her chosen field, despite her criminal record. We note as well that the United States Supreme Court specifically recognized, and distinguished, the potential for adverse employment consequences resulting from a criminal conviction in Padilla itself. See Padilla v. Kentucky, supra at 376-377 (Alito, J., concurring).