In 1997, the defendant pleaded guilty to possession of marijuana with intent to distribute, G. L. c. 94C, § 32. Nearly two decades later, he filed a second motion for new trial, which was denied. He now appeals.[2] He first argues that the plea judge erred in accepting his plea because he did not admit to facts sufficient to establish each element of the offense, and that the motion judge thus erred in denying his motion for new trial. See Commonwealth v. Del Verde, 398 Mass. 288, 297 (1986). The defendant provides no support for the factual narrative that he alleges gave rise to his conviction, though we note that, contrary to the premise of his first argument, his possession of an ounce of marijuana and a scale (which is part of his narrative) could have supported a finding by a jury of guilty of possession with intent to distribute. In any event, the question is what facts were recited by the prosecutor or the defendant at the colloquy, with respect to which there is no evidence, or even an allegation. Consequently, the defendant's first argument fails.
The defendant also argues that the plea judge erred by failing to warn him that his conviction could subject him to sentencing enhancements in future cases. The defendant misunderstands the nature of the required warning: it is about enhancements to the sentence on the crime to which a defendant is pleading due to that offense being a second or subsequent offense, not a warning about collateral consequences of the plea should the defendant be convicted on a subsequent charge. See Commonwealth v. Shindell, 63 Mass. App. Ct. 503, 505 (2005) ; Commonwealth v. Williams, 89 Mass. App. Ct. 383, 390 (2016). See also MacLean v. State Bd. of Retirement, 432 Mass. 339, 343 n.6 (2000).
Order denying motion for new trial affirmed.

The defendant filed a prior motion for new trial; the order denying that motion was affirmed by this court. See Commonwealth v. Sena, 88 Mass. App. Ct. 1118 (2015).