MINON, COMMONWEALTH vs., 102 Mass. App. Ct. 244

 
 COMMONWEALTH vs. NICHOLAS J. MINON.

102 Mass. App. Ct. 244
 December 1, 2022 - January 27, 2023

Court Below: District Court, Taunton Division
Present: Meade, Massing, Neyman, Shin, & Hodgens, JJ.

 

No. 21-P-1000.

Indecent Assault and Battery. Evidence, Guilty plea. Practice, Criminal, Plea, Assistance of counsel. Sex Offender. Sex Offender Registration and Community Notification Act. Constitutional Law, Assistance of counsel. Due Process of Law, Assistance of counsel.

A District Court judge properly denied a criminal defendant's motion to withdraw his guilty plea claiming ineffective assistance of counsel based on trial counsel's failure to advise him that he faced mandatory registration as a sex offender because he had been convicted of a sex offense involving a child, where, even though the judge and trial counsel labored under the mistaken belief that the judge had the discretion to relieve the defendant of the registration requirement, the defendant did not demonstrate any prejudice arising therefrom, in that he did not present as a low or nominal risk to reoffend, and the plea colloquy showed that he embraced the risk of having to register. [246-250]

Complaints received and sworn to in the Taunton Division of the District Court Department on February 22, 2016. 

 A motion to withdraw a guilty plea, filed on February 4, 2020, was heard by Michael D. Brennan, J. 

 Edward Gauthier for the defendant. 

 Julianne Campbell, Assistant District Attorney, for the Commonwealth.

 HODGENS, J. Appealing from an order denying his motion to withdraw a guilty plea in the District Court, the defendant claims that defense counsel was ineffective in failing to advise him that he faced mandatory registration as a sex offender. Defense counsel advised the defendant that registration was discretionary with the judge, and the judge informed the defendant during the plea colloquy that he would consider granting relief from the registration requirement. Such relief, however, is not available where, as here, a person "has been convicted of a sex offense involving a child." G. L. c. 6, § 178E (f). After a careful review of the record, 

 Page 245 

we conclude that any misapprehension of the registration requirement did not result in prejudice. Therefore, we affirm.

 Background. On the morning scheduled for a jury trial on August 7, 2017, the defendant offered to change his pleas to criminal complaints involving five of his children and stepchildren. The complaints charged him with one count of indecent assault and battery on a child under the age of fourteen, three counts of assault and battery by means of a dangerous weapon, two counts of assault and battery, and four counts of reckless endangerment of a child. While the parties and the judge discussed resolving all the charges, the prosecutor noted that the indecent assault and battery victim, who had then reached the age of fourteen, was present and "ready to talk about it." The defense requested a suspended sentence with two years of probation and a sex offender evaluation, and the prosecution requested committed time followed by six years of probation and sex offender registration.

 At the start of the plea colloquy, the judge outlined these recommendations and addressed the registration issue. The judge told the defendant, "[I]f the sex offender evaluation comes back and says that you are a low or nominal risk for reoffending, then I may not require you to register as a sex offender." He added, "If, however, the sex offender evaluation comes back and says that you are at a moderate or high risk to reoffend, you're going to have to register. Do you understand that?" The defendant said that he understood, the colloquy proceeded, the prosecutor outlined the facts for each offense, and the defendant pleaded guilty as charged. The defendant responded affirmatively when the judge asked, "Are you pleading guilty to those facts because you are guilty and for no other reason?" The judge found that the defendant entered the pleas knowingly, voluntarily, and intelligently, and with knowledge of the consequences. 

 After hearing the victim impact testimony from the indecent assault and battery victim, the judge announced that he would "more or less adopt the [d]efendant's recommendation." The defendant agreed to three years of probation instead of two years. Once again, the judge addressed the defendant and defense counsel on the issue of sex offender registration and expressly informed them that the burden was on the defendant to bring the registration issue back to the court: "[I]t's going to be incumbent upon you and him to bring it before the [c]ourt to waive the registry issue based upon what that report says. Is that understood?" 

 Page 246 

Defense counsel said that he understood, and the judge approved funds for the evaluation. Adding a cautionary note, the judge said that registration would be required "if that evaluation comes back as something other than a non-existent or low moderate -- low risk of recidivism." Defense counsel stated that the defendant understood. At the request of defense counsel, the judge entered an order that the "[defendant] does not have to register pending order of the court." The judge imposed the sentence agreed to by the defendant, and the parties agreed to a status conference in sixty days to address the issue of sex offender registration.

 The case languished for more than a year. During that time, defense counsel obtained continuances and additional funds. Defense counsel never reported back to the court with the results of any sex offender evaluation. Following a hearing on December 3, 2018, the judge ordered the defendant to register as a sex offender. 

 On February 4, 2020, the defendant filed a motion to withdraw the plea to the charge of indecent assault and battery on a child. Citing State and Federal authorities, he claimed that counsel provided ineffective assistance and that his plea was not a knowing and voluntary act with full knowledge of the consequences. In an affidavit filed in support of the motion, the defendant asserted that counsel had advised him that he "might not have to register as a sex offender" following the guilty plea. Counsel's affidavit agreed on this point: "I advised the defendant that the judge had the discretion to order that defendant not be required to register as a sex offender." Counsel further explained in his affidavit, "I advised defendant that [if] after pleading guilty and submitting to an evaluation he was determined to be a low risk to re-offend, the judge would order that he not be required to register as a sex offender." Denying the motion to withdraw the plea, the plea judge acknowledged "erroneous information provided by trial counsel and the court at the plea" regarding the defendant's obligation to register, but he concluded that any erroneous information did not constitute ineffective assistance of counsel or provide sufficient grounds to invalidate the plea. Appealing from the order denying his motion, the defendant repeats his claim that he was misled by counsel's advice about sex offender registration.

 Discussion. It is clear from the record that the plea judge, defense counsel, and even the prosecutor labored under the 

 Page 247 

mistaken belief that the judge had the discretion to relieve the defendant of the requirement to register as a sex offender. According to the governing statute, however, a sentencing judge lacks any discretion to grant relief from registration where a person, as here, "has been convicted of a sex offense involving a child." G. L. c. 6, § 178E (f). Despite counsel's erroneous advice to the defendant on this point, the judge properly denied the motion to withdraw the guilty plea.

 "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" Padilla v. Kentucky, 559 U.S. 356, 364 (2010), quoting McMann v. Richardson, 397 U.S. 759, 771 (1970). For an ineffective assistance claim to succeed, the defendant must satisfy "a two-part standard." Hill v. Lockhart, 474 U.S. 52, 57 (1985). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [to the United States Constitution]. Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, supra at 693.

 There is no doubt that counsel must provide constitutionally effective assistance when advising a defendant about the direct consequences of a guilty plea. These direct consequences include waiving the privilege against self-incrimination, waiving the right to trial by jury, and waiving the right to confront one's accusers. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Direct consequences also include any potential sentence, Commonwealth v. Murphy, 73 Mass. App. Ct. 57, 62 (2008), as well as "the actual value of any commitments made to [the defendant] by the court, prosecutor, or his own counsel," Brady v. United States, 397 U.S. 742, 755 (1970), quoting Shelton v. United States, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), rev'd on other grounds, 356 U.S. 26 (1958). 

 Advice as to collateral consequences, however, has been considered outside the ambit of the right to the effective assistance of counsel. See Commonwealth v. Henry, 488 Mass. 484, 497 (2021) (counsel not ineffective although failed to advise about possibility of "future sentencing enhancements"); 

 Page 248 

Commonwealth v. Shindell, 63 Mass. App. Ct. 503, 505 (2005) (counsel not ineffective although failed to advise about "possibility of registration as a sex offender"). "[C]riminal convictions can carry a wide variety of consequences other than conviction and sentencing, including civil commitment, civil forfeiture, the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses." Padilla, 559 U.S. at 376 (Alito, J., concurring). 

 Focusing on the distinction between direct and collateral consequences, the Commonwealth argues that this line of cases precludes relief, and the defendant asks us to overrule Shindell in light of new and onerous requirements of sex offender registration. The Supreme Court has "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under Strickland, 466 U.S. at 689," and has not resolved whether the distinction is appropriate. Padilla, 559 U.S. at 365. The Supreme Judicial Court has left open the question whether advice with respect to the sex offender registry statute, as amended after 2002, "would fall within the ambit of the Sixth Amendment right to counsel." Commonwealth v. Sylvester, 476 Mass. 1, 14 (2016). We need not decide whether counsel's lapse here rises to the level of a constitutional error. Viewing it from a "practical" rather than "abstract" perspective, Saferian, 366 Mass. at 98, the defense claim ultimately fails because the defendant cannot show that he suffered "prejudice." Strickland, supra at 700.

 Even if an error of constitutional dimension occurred, the defendant has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The plea judge informed the defendant during the colloquy that registration would be required unless the defendant presented an evaluation that showed a low or nominal risk of reoffending. [Note 1] Defense counsel as well as the defendant said that the defendant understood. At the request of defense counsel, the plea judge entered an 

 Page 249 

order temporarily excusing registration, and the plea judge allowed the defendant's motion for funds to hire an expert to conduct an evaluation. Despite having more than one year to produce an evaluation that showed a low or nominal risk for reoffending, the defendant produced nothing. Ultimately, according to the defendant's affidavit, the Sex Offender Registry Board classified him as a "moderate-risk, level 2, sex offender." Although he hoped for a better outcome, the defendant received exactly the result that he agreed to during the colloquy. Any error by counsel simply "did not expose the defendant to a liability that he did not already face" and readily accept. Commonwealth v. Indelicato, 40 Mass. App. Ct. 944, 945 (1996). Thus, the defendant has failed to meet his burden of showing that counsel's alleged "deficient performance prejudiced the defense." Strickland, supra at 687.

 The circumstances of the plea hearing here do not "undermine confidence in the outcome." Strickland, 466 U.S. at 694. See Commonwealth v. Lastowski, 478 Mass. 572, 577-578 (2018). On the day scheduled for trial, the defendant faced the prospect of his five children and stepchildren testifying against him. The indecent assault and battery victim was present, ready to testify, and prepared to provide a victim impact statement. The guilty plea represented a global resolution to ten very serious charges, including four felonies. As the defendant acknowledged during the colloquy, he pleaded guilty "because [he was] guilty and for no other reason." That assertion was consistent with defense counsel's argument during sentencing: 

"I would tell your Honor, quite frankly, that he never wanted to go to trial. He didn't want to put the kids through this, Judge. That's what he told me. So, we worked rather, I don't want to say feverishly, but I tried to do everything that I could to resolve the matter short of trial." 

Thus, the record shows that the defendant did not meet his burden of showing a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. See Lastowski, supra.

 The defendant faults the judge for not making any credibility findings on the two affidavits submitted with the motion to withdraw the guilty plea. Such findings are not necessary to our 

 Page 250 

decision. Notably, neither the defendant's affidavit nor counsel's affidavit alleged that the defendant presented as a low or nominal risk to reoffend. Because the defendant did not present as a low or nominal risk to reoffend, and the plea colloquy shows that he embraced the risk of having to register, the record before us does not evince any "prejudice" that would warrant withdrawal of the plea. Lastowski, 478 Mass. at 576.

 The defendant fares no better if the claim is couched in terms of voluntariness. In footnotes in his brief, the defendant asks that the case be remanded so that the plea judge can evaluate whether the plea was voluntarily made with full knowledge of the consequences. We decline to remand the case for four reasons. First, appellate courts "need not consider" conclusory arguments relegated to a footnote. Commonwealth v. Hyde, 88 Mass. App. Ct. 761, 771 (2015). See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). Second, "inaccurate or incomplete advice" from counsel does not automatically render a plea involuntary or unintelligent. Indelicato, 40 Mass. App. Ct. at 945. "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." McMann, 397 U.S. at 770. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." Brady, 397 U.S. at 757. Third, in addition to receiving warnings from the judge during the colloquy, the defendant acknowledged in writing that his guilty plea "could trigger the provisions of the sex offender registration statute." Fourth, we are satisfied on this record that the defendant understood and accepted the potential liability that he faced. 

Order denying motion to withdraw guilty plea affirmed.

FOOTNOTES
[Note 1] A plea judge must provide notice that the defendant "may" be "required to register as a sex offender." Mass. R. Crim. P. 12 (c) (3) (A) (ii) (b), as appearing in 470 Mass. 1501 (2015). We cite to the version of the rule in effect at the time of the plea here, but note that the current version of the rule contains the same language. A judge's failure to inform a defendant of the requirement to register "shall not be grounds to vacate or invalidate [a] plea." G. L. c. 6, § 178E (d). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.