NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1073

COMMONWEALTH

vs.

JESUS AYALA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of his motion to withdraw a guilty plea he entered on November 25, 2014 (2014 plea) and for a new trial. On appeal, he argues that the judge abused his discretion in denying the motion for two reasons. First, he contends that the judge should have released him from the consequences of a waiver he entered into at the time of the 2014 plea. Second, he contends that he was entitled to withdraw the 2014 plea because the plea judge did not inform him, as required by G. L. c. 279, § 25 (d), of the potential collateral consequences of the plea. We affirm.

Background. We recite the facts as the motion judge found them, noting that they are not in dispute. In 2005, the defendant was charged with trafficking in cocaine in an amount exceeding 200 grams, two counts of assault and battery on a

police officer, and resisting arrest (2005 case).  The 2005 trafficking charge carried a minimum mandatory sentence of fifteen years in State prison.  The drugs at issue in the 2005 case were tested at the Hinton drug lab, and the drug certificate was signed by Annie Dookhan as the secondary chemist.  In 2006, the defendant was charged with trafficking in heroin in an amount between twenty-eight and one hundred grams, in a school zone, and with unlawful possession of marijuana (2006 case).  The 2006 trafficking charge carried a minimum mandatory sentence of seven years in State prison.  The drugs at issue in the 2006 case were not tested at the Hinton drug lab, but rather by the Massachusetts State Police Crime Lab.

The defendant, represented by counsel, reached a global resolution of both cases.  The Commonwealth agreed to reduce the trafficking charges in both cases, and to drop the school zone violation in the 2006 case.  In exchange, the defendant agreed to plead guilty to the charges in both cases (as reduced) and to join in recommending a sentence of eight to ten years in State prison.  On April 19, 2007, a judge of the Superior Court accepted the defendant's plea, and he was sentenced to concurrent sentences of eight to ten years on the two trafficking charges, with probation to run for a period thereafter on the nondrug charges.

In 2013, the defendant moved to withdraw his guilty plea because Annie Dookhan had tested the drugs at issue in the 2005 case. That motion was allowed on July 3, 2014. Thereafter, on November 25, 2014, the defendant again tendered a guilty plea in both cases. On this occasion, he pleaded guilty to all four charges in the 2005 case, and to the heroin trafficking charge in the 2006 case. The Commonwealth dismissed the school zone and marijuana charges, and amended the 2005 cocaine trafficking charge from 200 grams to 36 to 100 grams. The Commonwealth also agreed to recommend a reduced sentence of seven years to seven years and one day deemed served, and to three (rather than five) years of probation. The defendant waived in writing any further discovery rights arising from Dookhan's involvement in the 2005 case, and orally waived during the plea colloquy "any right to fight, or contest or dispute this charge based on any misconduct on the part of Annie Dookhan." The 2014 plea judge accepted the plea, and imposed the jointly-recommended sentence. Of note for purposes of this appeal, the 2014 plea judge did not inform the defendant of the potential collateral consequences under the habitual offender statute.

In 2018, the defendant was charged with new drug offenses subject to habitual offender enhancements based on the 2005 and 2006 charges to which the defendant had pleaded guilty in 2014. In 2019, the defendant pleaded guilty to the 2018 charges, and

3

was sentenced to eight to ten years in prison.  As part of the 2019 plea, the Commonwealth dismissed the habitual offender enhancements that had been based on the 2005 and 2006 cases.

In 2021, the defendant filed the motion to withdraw guilty plea and for a new trial that is the subject of this appeal. This appeal followed after the denial of that motion.

Discussion.  The defendant raises two primary arguments on appeal.  First, he contends that, in light of the Commonwealth's changed position in 2021 regarding the handling of "list two" and "list three" cases in the unrelated case of Commonwealth vs. Escobar, Mass. Super. Ct. No. 0984CR0059 (Suffolk County), the motion judge should not have held the defendant to the waiver he made as part of the 2014 plea.  Unlike the position he took below, however, the defendant no longer seeks to withdraw the 2014 plea on this basis, nor does he seek a new trial.  Instead, he seeks only to be permitted to have the sentence amended so as not to trigger any consequence under the habitual offender statute.  See G. L. c. 279, § 25.

There are several reasons this argument fails.  To begin with, it is being raised for the first time on appeal and is accordingly waived.  Even were we to overlook waiver, to the extent the defendant now asks us to find that the motion judge abused his discretion, it is virtually self-evident that a judge cannot be said to have abused his discretion in failing to

4

afford relief the defendant did not request. To the extent the defendant may be arguing that his unpreserved claim of error resulted in a substantial risk of a miscarriage of justice, see Commonwealth v. Santos, 95 Mass. App. Ct. 791, 795 (2019), we note that the defendant has not argued, let alone shown, that his 2014 waiver was not knowing and voluntary. Nor has he argued that he did not receive effective assistance of counsel in connection with the 2014 plea. Even setting all of those matters to the side, the defendant has not attempted to explain how or why he would be entitled to an amended sentence with respect to the 2006 case, which did not involve the Hinton drug lab. See Commonwealth v. Lewis, 96 Mass. App. Ct. 354, 357-358 (2019). For all of these reasons, we discern no abuse of discretion on the part of the motion judge in not considering the waived argument, and no substantial risk of a miscarriage of justice as the matter is presented in this appeal.[1]

Second, the defendant argues that the motion judge should have allowed him to withdraw the 2014 plea because the plea judge did not inform him, as required under G. L. c. 279, § 25 (d), that the plea could implicate the habitual offender

---

[1] Our conclusion in this regard does not foreclose the defendant from filing a new Rule 30 (b) motion to amend the sentence he received on the drug charge in the 2005 case. See Mass. R. Civ. P. 30 (b), as appearing in 435 Mass. 1501 (2001). We offer no opinion on the likely merits or strength of such a motion.

5

statute.  The defendant acknowledges that the statute provides that "[n]o otherwise valid plea or conviction shall be vacated based upon the failure to give such warnings."  However, he argues that this provision is unconstitutional because it infringes on the courts' inherent authority.  We have considered and rejected this argument with respect to a similar provision contained in G. L. c. 6, § 176E (d).  See Commonwealth v. Shindell, 63 Mass. App. Ct. 503, 506 (2005).  As we noted there, "although it may appear anomalous to require such a warning but to provide that no consequence follows if the requirement is not met, we are constrained by the wording of the statute."  Id.

Nor has the defendant shown that the judge erred in deciding that the defendant had failed to show prejudice stemming from the absence of the G. L. c. 279, § 25 (d), warning.  The judge did not credit the defendant's affidavit that he would not have pleaded guilty had he received the warning, nor was the judge required to do so.  See Commonwealth v. Welch, 487 Mass. 425, 446 (2021).  As the judge noted, the affidavit's credibility was undercut by the defendant's delay in raising the claim, the timing of the new trial motion, the favorable treatment the defendant received as a result of the

2014 plea, and the absence of an affidavit from plea counsel.

For all of these reasons, we affirm the denial of the defendant's motion to withdraw guilty plea and for a new trial.

So ordered.

By the Court (Wolohojian,
  Shin & Ditkoff, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  September 22, 2023.

---

[2] The panelists are listed in order of seniority.