NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-281

COMMONWEALTH

vs.

LARS E. PRESCOTT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a District Court judge denying his motion for a new trial that sought to vacate a guilty plea entered in 1986.  We affirm.

Background.  On November 8, 1985, a complaint charged the defendant with larceny of property over $100 and malicious destruction of property over $100.  Three months later, on February 25, 1986, the defendant admitted to sufficient facts to warrant a finding of guilty, and the judge sentenced him to one year of probation, imposed a fine, and ordered restitution.  The defendant was ultimately discharged from probation.

In 2021, the defendant filed a motion for a new trial along with his own affidavit detailing the events surrounding his

convictions. He claimed that (1) his lawyer had a conflict of interest by simultaneously representing the defendant and two codefendants, (2) his lawyer and the judge erred by failing to inform him that a conviction would prevent him from obtaining a license to carry a firearm, and (3) the judge should have informed him that an admission to sufficient facts would result in a conviction.

At a hearing on the motion, the defendant testified before a second judge who was not the plea judge, and he presented no additional evidence. According to his testimony, the defendant, who was nineteen or twenty years old in 1985, was satisfied with the disposition of the case and did not appeal at that time. He understood that he was pleading guilty, but the conviction would be "off [his] record" following probation. His lawyer never explained that the proceedings would result in a felony conviction and never explained that he would be forfeiting rights under the Second Amendment. He also did not recall the judge ever explaining the forfeiture of Second Amendment rights. Around 2014, the Northborough Police Department issued the defendant a license to carry a firearm. Six years later, the police chief denied a renewal of that license and confiscated his firearms due to his convictions. In its opposition, the Commonwealth argued that the defendant failed to produce

2

evidence that overcame the presumption of a valid plea, and that the judge should not credit the defendant's "self-serving" assertions.  The judge denied the motion in an endorsement order and "concur[red] with the Commonwealth's position."

On appeal, the defendant repeats his conflict of interest claim as well as his claim that counsel and the plea judge failed to advise him that a conviction would preclude him from obtaining a license to carry a firearm.  He adds a new claim that the plea judge failed to give him the opportunity to withdraw a defendant-capped plea.

Discussion.  "A postsentence motion to withdraw a plea is treated as a motion for a new trial."  Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000).  "Pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), a judge 'may grant a new trial at any time if it appears that justice may not have been done.'"  Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019).  "We review the denial of a motion for a new trial 'only to determine whether there has been a significant error of law or other abuse of discretion.'"  Commonwealth v. Bonnett, 482 Mass. 838, 843-844 (2019), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

3

1. Conflict of interest.  "An element of the fundamental right to counsel under art. 12 of the Massachusetts Declaration of Rights is the defendant's right to the full and undivided loyalty of his attorney."  Commonwealth v. Shraiar, 397 Mass. 16, 20 (1986).  "A defendant is entitled to the untrammeled and unimpaired assistance of counsel free from any conflict of interest."  Id.  The defendant bears the burden of presenting "demonstrative proof detailing both the existence and the precise character of this alleged conflict of interest; we will not infer a conflict based on mere conjecture or speculation." Shraiar, supra.

We discern no error in the judge's rejection of this claim because the record shows the defendant did not meet his burden of showing an actual conflict of interest.  See Commonwealth v. Stote, 456 Mass. 213, 218 (2010).  In support of his motion, the defendant testified, without elaboration, that one lawyer represented all the co-defendants during the plea hearing.  Even if the judge credited this testimony, the defendant did not meet his burden.  Courts do not "automatically infer a conflict of interest from dual or joint representation alone."  Commonwealth v. Balliro, 437 Mass. 163, 168 (2002).  In the absence of "a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants, the mere

4

fact that both are represented by the same attorney is not grounds for [relief]." Commonwealth v. LaFleur, 1 Mass. App. Ct. 327, 331 (1973), quoting Lugo v. United States, 350 F.2d 858, 859 (9th Cir. 1965).

In his brief, the defendant faults the Commonwealth for failing to offer evidence "contradicting" his claim of a conflict of interest. The burden of proof on the motion, however, rested with the defendant and not the Commonwealth. Stote, 456 Mass. at 218. We also note that the defendant did not produce affidavits from the codefendants or the lawyer, a transcript of the plea hearing, docket entries from the codefendants' cases, or a police report. See Commonwealth v. Lopez, 426 Mass. 657, 665-666 (1998). A motion for a new trial cannot be "grounded on mere speculation." Commonwealth v. Laguer, 410 Mass. 89, 94 (1991).

2. Advisory regarding license to carry. The defendant next contends that his motion should have been allowed because counsel rendered ineffective assistance and the plea judge erred by failing to explain the consequences a conviction would have on a license to carry a firearm. "Where a motion for a new trial is based on ineffective assistance of counsel, the defendant must show that the behavior of counsel fell 'below that . . . [of] an ordinary fallible lawyer' and that such

5

failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Miller, 101 Mass. App. Ct. 344, 348 (2022), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). A plea judge must be satisfied that the defendant understands the direct consequences of the plea, including "waiving the privilege against self-incrimination, waiving the right to trial by jury, and waiving the right to confront one's accusers." Commonwealth v. Minon, 102 Mass. App. Ct. 244, 247 (2023). Because the consequences pertaining to the license to carry were collateral to the plea, the motion judge properly rejected this claim as well.

A guilty plea is not necessarily vulnerable "because a defendant has received inaccurate or incomplete advice from his counsel concerning the penal consequences of the plea." Commonwealth v. Indelicato, 40 Mass. App. Ct. 944, 945 (1996). As in the Indelicato case where the plea had adverse consequences on a license to carry a firearm, the alleged lapse by counsel here involved a matter "entirely collateral to the charges pending for the plea." Id. Advice concerning such collateral consequences "has been considered outside the ambit of the right to the effective assistance of counsel." Minon, 102 Mass. App. Ct. at 247. We disagree with the defendant's contention that the constitutional right to bear arms as

6

articulated in recent cases requires a different result. See, e.g., New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 10 (2022); McDonald v. Chicago, 561 U.S. 742, 791 (2010). Criminal convictions can impair many rights -- even rights with a constitutional dimension. Indeed, "criminal convictions can carry a wide variety of consequences other than conviction and sentencing, including civil commitment, civil forfeiture, the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses." Minon, 102 Mass. App. Ct. at 248, quoting Padilla v. Kentucky, 559 U.S. 356, 376 (2010) (Alito, J., concurring). Counsel was "not required to be omniscient," and if he failed to fully advise the defendant of the collateral consequences of the plea, such a failing was not a "grave and fundamental" error that fell below the standard of an ordinary fallible lawyer. Indelicato, supra, quoting Commonwealth v. Norman, 27 Mass. App. Ct. 82, 86 (1989).

Similarly, before accepting the plea in 1986, the judge had no obligation to probe the defendant's understanding of his constitutional right to bear arms. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly

7

assess every relevant factor entering into his decision." Brady v. United States, 397 U.S. 742, 757 (1970). Also, the decision to plead guilty often includes "imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time." Id. at 756-757. Such is the case here. In 1986, the defendant made a perfectly sensible decision to bring his criminal case to an end, and he now regrets the decision based upon collateral consequences that only recently came to light. These circumstances do not evince an error by the plea judge but instead demonstrate a legislative judgment as to who should have a license to carry a firearm.

3. Opportunity to withdraw plea. Finally, for the first time, the defendant claims that he was not given the opportunity to withdraw his defendant-capped plea during the plea hearing. This argument fails because he did not raise it below. "If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived." Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000), citing Commonwealth v. Ambers, 397 Mass. 705, 707 n.2 (1986). Even if not waived, the claim lacks any support in the record. When a plea remains unchallenged for a lengthy period of time leaving

8

no contemporaneous record, the defendant must "provide sufficient credible and reliable factual evidence" in support of the motion.  <u>Lopez</u>, 426 Mass. at 663.  He has not done so, and we decline to speculate as to what might have happened during the plea hearing.

<u>Order denying motion for a new trial affirmed.</u>

By the Court (Meade, Englander & Hodgens, JJ.[1]),

_Paul Little_

Clerk

Entered:  September 11, 2024.

---

[1] The panelists are listed in order of seniority.